IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMERICAN SAFETY INS. CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-00639-N |
| | ) | |
| RED LEACH & SONS INS., *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This action is before the Court *sua sponte* on the Defendants' filing of their Amended Answer and Additional Affirmative Defenses (Doc. 32). The Amended Answer (Doc. 32) is ordered **STRICKEN** as improperly filed. The amended pleading was filed on May 16, 2016, far after the deadline for the Defendants to amend their answer as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(A); (Doc. 15 [Initial Answer filed Jan. 21, 2016]). Therefore, they may now amend their pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Defendants have obtained neither prior to the filing of their Amended Answer.

Moreover, the deadline for "motions for leave … to amend the pleadings under Rule 15(a)(2)" set out in the scheduling order has passed. (Doc. 27 at 3). Therefore, should the Defendants hereafter file a motion for leave to amend their answer, they must first show "good cause" to modify the scheduling order under Federal Rule of Civil Procedure 16(b)(4) before the Court can consider whether to allow the amendment under Rule 15(a)'s more liberal standard. *See Sosa v.*

*Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam) ("Sosa's brief on appeal does not address good cause under Rule 16(b), but focuses instead upon the liberal amendment standard set out in Federal Rule of Civil Procedure 15(a). If Sosa's motion for leave to amend had been filed within the time prescribed by the scheduling order, Rule 15(a) would be our primary focus, as well. However, because Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a). If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." (citations omitted)); *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) (per curiam) ("A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b).").

**DONE** and **ORDERED** this the 17th day of May 2016.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**